# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Magistrate Judge David L. West

**Criminal Case No. 15-MJ-00101-DLW**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1.  DENTON SIMMONS,**
   **Defendant.**

_____

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
### FOR ORDER OF DETENTION
_____

**THIS MATTER** came before the Court for a Detention and Preliminary Hearing on January 23, 2015.  Present were the following: Todd Norvell, Assistant United States Attorney, Robert C. Duthie, III, counsel for the Defendant, and the Defendant.  Also present was Sherrie Blake, Probation/Pretrial Services Officer appearing by video conference.  The Court heard testimony, took judicial notice of the Criminal Complaint and the Pretrial Services' report and heard the arguments of counsel.

In order to sustain a motion for detention, the Government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the Defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.  The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act at 18 U.S.C §3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

- the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

- the weight of the evidence against the person;

- the history and characteristics of the person, including –

    - the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    - whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file, and have considered the testimony presented during the detention hearing and the arguments of counsel. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant has been charged under 18 U.S.C. 111(a)(1), with Assault on a Federal Law Enforcement Officer.

Second, the Court has found and concluded that probable cause exists that the Defendant committed the charged offense.

Finally, the Defendant's criminal history is limited but shows involvement with alcohol and drugs, and a pattern of behavior towards violence. In the instant case, there seems to be an ongoing volatile situation with the Defendant and Officer Holman. The Defendant attempted to grab Officer Holman's gun and that act along with statements made after his arrest to Officer Holman would indicate that the situation needs to be diffused by placing the Defendant in a half-way house or another location where the victim and the Defendant cannot have any contact. That is not a currently available option to the Court.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant.

**IT IS HEREBY ORDERED** that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

**IT IS FURTHER ORDERED** that the Defendant be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that, on order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DATED and ENTERED** this 23rd day of January, 2015.

**BY THE COURT:**

**s/David L. West**
**United States Magistrate Judge**